UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
LOCAL UNION NO. 825, 825A, 825B,            :
825C, 825D, 825R, 825RH, INTERNATIONAL UNION  :   Civil Action No. 06-1986(FLW)
OF OPERATING ENGINEERS, AFL-CIO;            :
OPERATING ENGINEERS LOCAL 825 FUND          :   OPINION
SERVICE FACILITIES, AND THE BOARD OF        :
TRUSTEES OF THE OPERATING ENGINEERS         :
LOCAL 825 FUND SERVICE FACILITIES           :
                                            :
        Plaintiffs,                         :
                                            :
    v.                                      :
                                            :
LLS LANDSCAPING, INC.,                      :
             Defendant.                     :
_____

**WOLFSON, District Judge**

Presently before the Court is a motion by Plaintiffs, Local Union No. 825, 825A, 825B, 825C, 825D, 825R, 825RH, International Union of Operating Engineers, AFL-CIO, Operating Engineers Local 825 Fund Service Facilities, and the Board of Trustees of the Operating Engineers Local 825 Fund Service Facilities ("Local 825"), for default judgment on its claims against Defendant, LLS Landscaping, for failure to appear or otherwise respond to Plaintiff's Complaint of April 28, 2006. For the reasons set forth below, Plaintiffs' motion will be GRANTED.

**I. Background**

Plaintiff, Local 825, a labor organization with a principal office in Springfield, New Jersey, manages fringe benefit plans for various local unions.  Defendant, LLS Landscaping is in a collective bargaining relationship with Local 825 that requires LLS Landscaping to remit, on a weekly basis, contributions to Plaintiffs' funds on behalf of all employees performing work covered by the collective bargaining agreement.  However, the funds' auditors audited the payroll records of LLS Landscaping covering the period of January 1, 2003 through June 30, 2005 and discovered a delinquency in fringe benefit contributions.  At that time, the outstanding balance owed by LLS Landscaping was $56,999.79.  Subsequently, the matter was submitted to arbitration pursuant to the provisions of the collective bargaining agreement, and an award of $64,544.77 was issued.  Thereafter, Defendant paid $14,035.94, leaving a balance of $50,508.83 due on the Arbitration Award.  In addition, post-arbitration pre-judgment interest totals $4,209.07.  Thus, the total amount of the Arbitration Award and interest is $54,717.90.  Plaintiffs additionally seek $3,654.95 in attorneys fees and costs.

On May 1, 2006, Plaintiff commenced this suit against LLS Landscaping.  Defendant was served with a copy of the Summons and Complaint on May 10, 2006.  Defendant failed to plead or otherwise appear.  Thereafter, on June 19, 2006, Plaintiff requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on June 20, 2006.  On August 15, Plaintiff filed a Motion for Default Judgment.  The Motion was returnable on September 18, 2006.  As of September 18, 2006, Defendant has not responded to nor opposed this Motion.

**II.  Standard for Default Judgment**

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

**III. Discussion**

In the instant matter, since May 2006, Defendant has failed to appear and defend Plaintiff's claims against them. Moreover, on June 20, 2006, pursuant to an application by the Plaintiff, an entry of default was made by the Clerk of the Court against the Defendant. Subsequently, on August 15, 2006, Plaintiffs filed a Motion for Default Judgment. Defendant has failed to oppose this motion. Thus, the Court finds that a grant of default judgment is appropriate.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion for default judgment against Defendants is

granted and Plaintiffs may recover the sum of $58,372.85 which includes principal contributions, interest, attorney's fees and costs. In addition, Plaintiffs may recover post-judgment interest. An appropriate order will follow.


Dated: September 19, 2006                    /s/  Freda L. Wolfson
                                             The Honorable Freda L. Wolfson,
                                             United States District Judge